IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CR-239-GCM-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANN TYSON MITCHELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** was before the undersigned for a hearing addressing several subjects on Friday, March 7, 2014. These issues included the Defendant's competency to proceed; the status of the Defendant's appointed counsel, Mr. Haakon Thorsen; and the Defendant's request for bond in light of the completion of her custodial examination in the Bureau of Prisons. After conducting a competency hearing at the March 7, 2014 proceeding, the Court orally found that the Defendant is now competent to proceed. This entry is noted in the docket of the case.

The Court next addressed the question of the status of the Defendant's appointed counsel, Mr. Thorsen. This issue was presented in two different ways – by the "Letter Motion Requesting That New Counsel Be Appointed" (Document No. 487), filed by the Defendant herself, and by Mr. Thorsen's oral motion to withdraw made during the March 7, 2014 proceeding. The Court was reluctant to substitute new counsel for Mr. Thorsen for several reasons: Mr. Thorsen is the Defendant's third appointed lawyer and has been in the case for some time; the Court respectfully observes that the difficult communication between the Defendant and Mr. Thorsen is in part attributable to the Defendant's own behavior; and the trial in the case, while not imminent, is currently set for summer 2014 and will require lengthy preparation. Nonetheless, as

the record of the hearing amply demonstrates, the attorney-client relationship between the Defendant and Mr. Thorsen appears irretrievably broken and the standard set forth in <u>United States v. Mullen</u>, 32 F.3d 891 (4th Cir. 1994) has been satisfied. The Court will reluctantly grant the Defendant's motion and appoint new counsel.

The final issue before the Court was the Defendant's bond. The Defendant, through counsel, filed a "Motion to Reconsider Detention" (Document No. 516) on February 18, 2014. Prior to being sent to the Bureau of Prisons for her competency evaluation, the Defendant was out on bond under terms set by the presiding judge, Graham C. Mullen, dated November 7, 2013 (Document No. 409). That evaluation having been completed and reported, and the Court having found the Defendant competent to proceed at the March 7, 2014 hearing, the Court will again allow the Defendant out on pretrial release consistent with the provisions of the Bail Reform Act. Specifically, the Court will reinstate Judge Mullen's bond papers (Document No. 409) with one revision: the Defendant's location monitoring shall employ Global Positioning Satellite (GPS) monitoring as determined by the Probation Officer.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Letter Motion Requesting That New Counsel Be Appointed" (Document No. 487) is **GRANTED**. The Court orders that new counsel be appointed for the Defendant. Mr. Thorsen's oral motion to withdraw made at the March 7, 2014 hearing is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Defendant's "Motion to Reconsider Detention" (Document No. 516) is **GRANTED**. The previous bond papers authorized by Judge Graham C. Mullen (Document No. 409) are ordered reinstated with one revision: the Defendant's location monitoring shall employ Global Positioning Satellite (GPS) monitoring as determined by the Probation Officer.

The Clerk is directed to supplement its normal notifications in this instance to ensure notice to the Federal Defender's Office, the U.S. Probation Office, and the U.S. Marshals Service.

**SO ORDERED**.

Signed: March 14, 2014

David C. Keesler
United States Magistrate Judge